UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | EDCV 13-1162-CAS (SPx) | Date | August 1, 2013 |
|---|---|---|---|
| Title | COLFIN A1-CA4 LLC V. SCOTT AARON CLARK, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:  Attorneys Present for Defendants

Not present  Not present

**Proceedings:**  **(In Chambers:) PLAINTIFF'S EX PARTE APPLICATION TO REMAND** (filed July 22, 2013) [8]

## I. INTRODUCTION

On March 25, 2013, plaintiff Colfin AI-CA4, LLC, filed a complaint for unlawful detainer in the Riverside County Superior Court against defendants Scott Aaron Clark, Karen Clark and Does 1 to 5. Plaintiff seeks possession of real property located at 3180 Gunsmoke Road, Corona, California, which it alleges that it purchased at a trustee's sale. The property was formerly owned by defendants.

On June 28, 2013, defendant Scott Aaron Clark filed a notice of removal to this Court pursuant to 28 U.S.C. §§ 1443 and 1446. Dkt. No. 1. Defendant contends that this court has jurisdiction over the instant case because the unlawful detainer proceedings in state court have deprived defendants of their constitutional due process rights. In addition, defendant asserts that various federal statutes must be considered and construed in this litigation, which also give rise to federal jurisdiction.

On July 22, 2013, plaintiff filed an ex parte application to remand this case to state court. Dkt. No. 8. To date, to opposition has been filed.

## II. ANALYSIS

As an initial matter, the Court finds that the notice of removal is untimely. Pursuant to 28 U.S.C. §1446(b), a notice of removal in a civil action must be filed within thirty days after the defendant receives a copy of the complaint or summons. Here, the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     JS-6

| Case No. | EDCV 13-1162-CAS (SPx) | Date | August 1, 2013 |
|---|---|---|---|
| Title | COLFIN A1-CA4 LLC V. SCOTT AARON CLARK, ET AL. | | |

action was filed on March 25, 2013, yet defendant did not remove until June 28, 2013. For this reason alone, remand is appropriate.

    The Court also concludes that it lacks subject matter jurisdiction over this case and therefore must remand. First, cases raising a question "arising under the Constitution, laws, or treaties of the United States" may be removed to federal court. 28 U.S.C. § 1331. Whether a case arises under federal law is generally determined by the well-pleaded complaint rule: "a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action." California Shock Trauma Air Rescue v. State Comp. Ins. Fund, 636 F.3d 538, 541 (9th Cir. 2011) (citations omitted). A defendant's attempt at creating federal subject matter jurisdiction by adding claims or defenses to a notice of removal must fail. McAtee v. Capital One, F.S.B., 479 F.3d 1143, 1145 (9th Cir. 2007).

    Here, the complaint asserts only a single state law claim for unlawful detainer, which does not give rise to a federal question. See Dkt. No. 1. Deutsche Bank Nat'l Trust Co. v. Leonardo, 2011 U.S. Dist. LEXIS 83854, *2 (C.D. Cal. Aug. 1, 2011) ("[T]he complaint only asserts a claim for unlawful detainer, a cause of action that is purely a matter of state law."). Defendant cannot create federal subject matter jurisdiction by attempting to raise a defense or a counterclaim under the federal constitution or other body of federal law. See McAtee, 479 F.3d at 1145. Simply put, "[a] federal defense or counter-claim does not give rise to federal-question jurisdiction." Franchise Tax Bd. v. Constr. Laborers Vacation Trust for s. Cal., 463 U.S. 1, 14 (1983). Accordingly, the Court lacks subject matter jurisdiction based on a federal question. Suarez, 2011 U.S. Dist. LEXIS 82300 at *6.

    Second, removal pursuant to 28 U.S.C. § 1443 is also improper. To remove this case pursuant to 28 U.S.C. § 1443, petitioner must satisfy a two-part test. See Georgia v. Rachel, 384 U.S. 780, 788–92, 794–804 (1966); City of Greenwood, Miss. v. Peacock, 384 U.S. 808, 824–28 (1966). Petitioners must demonstrate that: (1) as a defense to a civil action or prosecution, they have asserted "rights that are given to them by explicit statutory enactment protecting equal racial civil rights"; and (2) "that the state court upholds a statute or constitutional provision that orders the state court not to enforce those federally protected civil rights." California v. Sandoval, 434 F.2d 635, 636 (9th Cir. 1970). Defendant has not identified a relevant California statute that would preclude him from asserting any of his federal civil rights. Although defendant claims that the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

○

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | EDCV 13-1162-CAS (SPx) | Date | August 1, 2013 |
|---|---|---|---|
| Title | COLFIN A1-CA4 LLC V. SCOTT AARON CLARK, ET AL. | | |

California Civil Code procedures providing for non-judicial foreclosures and summary eviction proceedings denies him equal protection, defendant fails to identify any federal statutory enactment protecting equal racial civil rights that California courts are refusing to enforce.  Therefore, defendant is unable to satisfy the two-part <u>Sandoval</u> test, and removal pursuant to 28 U.S.C. § 1443 is improper.  See <u>Union Bank v. Lebow</u>, 2012 U.S. Dist. LEXIS 60152, *3–4 (C.D. Cal. Apr. 27, 2012).

### III. CONCLUSION

In accordance with the foregoing, the Court GRANTS plaintiff's application to remand this case to the Riverside County Superior Court.

IT IS SO ORDERED.

00 : 00

Initials of Preparer     CMJ